1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBIN GAIL TAMORI-HOLMES

11          Plaintiff,              No. 2:12-cv-1977 JAM GGH PS

12      vs.

13

14   PLUMAS COUNTY et al.

15      Defendants.              FINDINGS AND RECOMMENDATIONS

16   _____/

17          This action, a "Petition for Writ of Administrative Mandamus, Judicial Review"

18   under Cal. Civ. Proc. Code § 1094.5 filed by plaintiff in Plumas County Superior Court, was

19   removed to this court by defendants United States Department of Health and Human Services,

20   United States Department of Justice, and United States Department of Defense (the "federal

21   defendants") on July 27, 2012 pursuant to 28 U.S.C. § 1442(a)[1] and 28 U.S.C. § 2679(d)(2).

22   _____

23          [1] 28 U.S.C. § 1442(a) provides, in part, that "[a] civil action or criminal prosecution that is
     commenced in a State court and that is against or directed to any of the following may be removed
24   by them to the district court of the United States for the district and division embracing the place
     wherein it is pending: (1) The United States or any agency thereof or any officer (or any person
25   acting under that officer) of the United States or of any agency thereof, in an official or individual
     capacity, for or relating to any act under color of such office or on account of any right, title, or
26   authority claimed under any Act of Congress for the apprehension or punishment of criminals or the
     collection of the revenue."  28 U.S.C. § 1442(a)(1).

1

1  (Dkt. No. 1.)  Plaintiff is proceeding pro se and the action was thus referred to the undersigned by

2  E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

3           On August 3, 2012, the federal defendants filed a motion to dismiss the petition

4  pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), noticed for hearing on September 6, 2012.

5  (Dkt. No. 4.)  Subsequently, on August 7, 2012, defendant Division of Labor Standards

6  Enforcement, California Department of Industrial Relations filed a motion to dismiss the petition

7  pursuant to Fed. R. Civ. P. 12(b)(6), also noticed for hearing on September 6, 2012.  (Dkt. No.

8  5.)  After plaintiff failed to file an opposition to the motions in accordance with E.D. Cal. L.R.

9  230(c), the motions were submitted on the record without oral argument.  (Dkt. No. 10.)

10          After considering the documents in support of the motions, the court's record in

11  this matter, and the applicable law, the court now FINDS AS FOLLOWS:

12                  Federal Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

13          In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim

14  upon which relief can be granted, the court must accept as true the allegations of the complaint in

15  question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most

16  favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, to avoid

17  dismissal for failure to state a claim, a complaint must contain more than "naked assertions,"

18  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell

19  Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals

20  of the elements of a cause of action, supported by mere conclusory statements do not suffice."

21  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can

22  grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

23  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

24  inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

25          Plaintiff's petition is somewhat confusing, but appears to seek judicial review of

26  an unspecified administrative hearing regarding her mental health conservatorship with Plumas

1  County.  She also alleges that her conservatorship with Plumas County ended on July 17, 2011

2  while she was being held at the Country Villa Merced Health Care Center, but that the center was

3  only notified on September 23, 2011 that the conservatorship had ended.  As such, she was

4  allegedly required to leave and pay rent to the center for the time not covered by the court-

5  appointed stay.  She further alleges that Plumas County did not make any attempt to provide her

6  with transport back to her hometown or an outpatient plan, and that she was forced to pay for her

7  own transportation home in violation of California law.  Plaintiff requests damages and costs for

8  her out-of-pocket expenses and lost wages under the California Welfare and Institutions Code.

9  Finally, plaintiff also appears to seek an investigation or review of Plumas County by the

10  California Department of Social Services based on alleged failures to provide education, training,

11  and work placement.  (See Dkt. No. 1-1.)

12         Although the federal defendants are listed in the caption of the petition, the

13  petition does not contain any factual allegations regarding these agencies and does not set forth

14  any alleged wrongdoing by them.  Plaintiff's petition, to the extent it can be understood, appears

15  to relate solely to the actions of various private and non-federal government actors.  Indeed, the

16  petition fails to articulate any cognizable legal claim against the federal defendants.  Accordingly,

17  the petition fails to state a claim upon which relief can be granted against the federal defendants,

18  and plaintiff's claims against these defendants should be dismissed pursuant to Fed. R. Civ. P.

19  12(b)(6).

20         Although the court would ordinarily grant a pro se plaintiff leave to amend, it does

21  not appear possible that plaintiff's claims against the federal defendants could be cured through

22  additional allegations of fact or potential revision of legal claims.  Mental health

23  conservatorships are governed by California law and administered by California state or local

24  agencies, and it is implausible that the federal defendants had any involvement with plaintiff's

25  mental health conservatorship.  Accordingly, further leave to amend would be futile, and the

26  court will recommend that plaintiff's claims against the federal defendants be dismissed with

3

1  prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

2  339 (9th Cir. 1996).[2]

3          Additionally, based on a finding that the federal defendants should be dismissed

4  from the action, the court will also recommend that the action be remanded to the Plumas County

5  Superior Court due to lack of subject matter jurisdiction.  The action was removed to this court

6  solely because plaintiff's petition named federal agencies as defendants.  (See Dkt. No. 1); 28

7  U.S.C. §§ 1442(a), 2679(d)(2).  Furthermore, the petition does not plausibly raise a federal claim

8  for purposes of federal question jurisdiction.  It is also readily apparent that plaintiff as a

9  California resident is not diverse from all defendants in this action, which include several

10  California entities and/or individuals, so as to invoke diversity jurisdiction.  As such, remand of

11  the action to state court is necessary.

12          Defendant Division of Labor Standards Enforcement's Motion to Dismiss

13  Pursuant to Fed. R. Civ. P. 12(b)(6)

14          In accordance with the court's finding that the action should be remanded to state

15  court for lack of subject matter jurisdiction, the court will recommend that defendant Division of

16  Labor Standards Enforcement's motion to dismiss be denied without prejudice to pursuing such

17  relief in state court.

18  CONCLUSION

19          Accordingly, IT IS HEREBY RECOMMENDED that:

20          1.  Defendants United States Department of Health and Human Services, United

21  States Department of Justice, and United States Department of Defense's motion to dismiss

22  pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 4) be GRANTED and that plaintiff's claims against

23  these defendants be DISMISSED WITH PREJUDICE;

24  \\\\\

25

26     [2] In light of this conclusion, the court finds it unnecessary to reach the federal defendants' alternative arguments and grounds for dismissal.

2.  Defendant Division of Labor Standards Enforcement's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 5) be DENIED WITHOUT PREJUDICE due to lack of subject matter jurisdiction;

3.  The action be REMANDED to the Plumas County Superior Court;

4.  The Clerk of Court be directed to serve a certified copy of the court's order on the Clerk of the Plumas County Superior Court, and reference the state case number (CV11-00264) in the proof of service; and

5.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Tamori-Holmes.1977.mtd.fr.wpd

5